*Grymes* for plaintiff—*Morse & Hoffman* for defendants.

---

## OGER vs. DAUNOY.

The appellee may claim the reversal of the whole judgment in his answer.

The court of the first district cannot enjoin the execution of a judgment from the city courts of New Orleans.

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. The defendant, Marshall of the City Court, having served out several writs of execution against Harland's property, which the plaintiff claimed as his property. The latter procured an injunction from the district court, had the defendant cited, and prayed that he might be decreed to restore the property.

The defendant prayed for a dissolution of the injunction, on the ground that the district

court had on authority to interfere with the execution of the writs of the city court, nor control its officers therein; that the plaintiff ought to have sought relief in the city court.

The injunction was dissolved as to part of the property, which had been seized for rent, and sustained for the rest.

The defendant now filed an answer, averred collusion between the plaintiff and Harland, and prayed the plaintiff in execution might be cited.

They were so, and pleaded the general issue, collusion, &c.

There was judgment that the original defendant restore the property to the plaintiff, and that the latter pay costs. From this judgment the plaintiff appealed.

The defendant denied that there was any error prejudicial to the plaintiff in the judgment appealed from, and proved that there was error to his (the defendant's) prejudice, inasmuch as the judgment was for the plaintiff, while it ought to have been for the defendant. Code of Practice 592.

The appellant denied the right of the appellee to obtain the reversal of the judgment,

VOL. VII. N. S.     83

Eastern Dist.
*April* 1829.

OGER
*vs.*
DAUNOY

under this article of the Code of Practice, alledging that it authorized appellees to procure the judgment to be set aside in those parts only in which they might be aggrieved.

The object of the legislature in this article was, to save to appellees the trouble and expense of a distinct appeal, where the case was brought up by the adverse party. It would be strange to allow the appellee a relief, without a second appeal, in case of a partial error, and deny it to him, in case the judgment was wholly erroneous.

By the Code of Practice, 617, the execution of judgments belongs to the courts by which the causes were tried in the first instance, and by the 629th article, it is for the court, whether appelate or inferior, which rendered the judgment, to take cognizance of the manner of its execution.

The present suit is the opposition of a third party, which is defined "a demand by a third person not originally a party in the suit, for the purpose of arresting the execution of a judgment." Code of Practice, 395. Such opposition may be made, as in the present case, by a third person pretending to be the owner of

the thing served. *Id*. 396. But it must be be-fore the court that gave the judgment. *Id*.397.

We however recognized an exception to these principles in the case of *Lawes & al*. vs. *Chinn, vol.* 4, 390, "to prevent an immediate injury which could not otherwise be warded off" the property being seized in a distant parish from that in which the judgement had been rendered. We thought that *"ex necessitate rei* the injunction must have issued from the judge of the parish in which the execution was to have been carried into effect. We thought that if an execution, issued from Washita or Natchitoches, was levied in the Terre Aux Bœufs or Washington, on personal property, it would be sold, if no judge but he who gave the judgment could issue an injunction.

In the present case the judge who gave the judgment, and he who issued the execution, were in the same parish.

We therefore conclude that the injunction was improperly issued, and the district court improperly applied to, to obtain a restoration of the property seized.

But when the property of A. is seized by an

Eastern Dist. officer on an execution against **B.** the former
*April* 1829. has his action to recover damages or the value

OGER
*vs.* of the property from the officer, even in an-
DAUNOY. other court than that which issued the execu-
tion. In many cases that court cannot give
relief. This was determined in *Vail* vs. *Du-
mé.* 7 *Martin* 416.

But in the present case the prayer of the
petition is for the restoration of the property,
*or its value*; and the question presents itself
whether, being of opinion that the restoration
of the property was improperly sued for in
the district court, it might have given judg-
ment for the value, whch was demanded sub-
sidiarily; in which case it would be our duty,
after reversing the judgment, to give one for
the value of the property, if such value appear-
ed on record.

The question in other words is, whether
when judgment is prayed alternately, for
a thing of which the court has no jurisdiction,
and another of which it has—judgment can be
given for the latter. We think it can. For
the plaintiff, who might have made his election
before suit, may still do so before trial. Be-
sides in the present case, there is a prayer for
general relief.

As the record does not enable us to ascertain the value of the property, the case must be remanded.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and the case remanded for a new trial—the appellant paying costs in this court.

*Morse* for plaintiff—*Rousseau & Moreau* for defendants.